# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Leo Davis,<br><br>    Plaintiff,<br><br>v.<br><br>Paul Penzone, et al.,<br><br>    Defendants. | No. CV-17-01946-PHX-SMB (CDB)<br><br>**ORDER** |

At issue is the Report and Recommendation (Doc. 106) ("R&R") entered by United States Magistrate Judge Camille Bibles in this matter recommending the Court dismiss without prejudice Defendant Elias and Plaintiff's claims against Defendant Elias. Defendant filed an objection and the Court has considered that objection.

Plaintiff's Complaint was initially filed on June 21, 2017. The Court conducted the statutory screening and ordered Defendant Elias to answer Counts One and Three of the Complaint. The Clerk of Court was ordered to send Plaintiff a service packet. Service was returned unexecuted because Defendant Elias was no longer employed by the Maricopa County Sherriff's Office. The Court, on December 5, 2017 and on its own review, ordered Defendant Anderson-Mata to provide under seal the last known home address for Defendant Elias. The Court also ordered the Clerk of Court to complete a service packet upon receipt of Defendant Elias' address. (Doc. 14).

Prior to service of the Complaint, Plaintiff filed a First Amended Complaint, on January 11, 2018. The First Amended Complaint was screened and, as it relates to

Defendant Elias, Counts one through eight were allowed to proceed. On February 15, 2018, service was returned unexecuted. Defendant Elias was no longer living at the address provided by Defendant Anderson-Mata. (Doc. 26). Plaintiff filed a Motion Requesting Clarification as to Whether Defendant D. O. Elias has been Located and Served by the USMS and the Court advised Defendant that service was not completed. On February 28, 2018, the Court ordered that within fourteen days of the date of this Order Plaintiff shall show cause why his claims against Defendant Elias should not be dismissed for failure to serve. (Doc. 29). Plaintiff responded by asking the Court to order the USMS to locate and serve Defendant Elias. There was a report and recommendation issued on March 12, 2018 that recommended that the claims against Defendant Elias be dismissed for failure to serve. The Court explained that the USMS is authorized to serve the summons and the complaint in cases involving prisoner plaintiffs proceeding in forma pauperis. However, it remains Plaintiff's responsibility to provide the United States Marshal with sufficient information to effect service. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). See also Sims v. Wegman, 743 F. App'x 897, 897 (9th Cir. 2018).

In the Order at ECF No. 80 the Court rejected Magistrate Judge's Bade recommendation that Defendant Elias be dismissed as a defendant and allowed Plaintiff until April 26, 2019, to serve Defendant Elias. Service on Defendant Elias at her last known home address was returned as unexecuted on March 28, 2019. (Doc. 85).

In Plaintiff's objection, he repeats his request that the USMS should locate Defendant Elias for him. He has provided no explanation of what efforts, if any, he made to locate Defendant Elias over the last year. As Magistrate Judge Bibles correctly points out, The Court is not required to act as an investigative body in ascertaining a correct address for a defendant. See Fed. R. Civ. P. 4(c)(2); Walker, 14 F.3d at 1422; Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 2006). Plaintiff has had over a year to locate and serve Defendant Elias and has failed to do so. Accordingly,

| | |
|---:|---|
| 1 | **IT IS ORDERED** adopting in whole Judge Bible's R&R (Doc. 106) and dismissing |
| 2 | Defendant Elias and Plaintiff's claims against Defendant Elias without prejudice for failure |
| 3 | to timely effect service of process on Defendant Elias. |
| 4 | Dated this 20th day of August, 2019. |

Honorable Susan M. Brnovich
United States District Judge